UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - -:

PATRICK SHIPSTAD,                          :     16 Civ. 5145 (LAK)(JCF)
                                           :
              Plaintiff,                    :     MEMORANDUM
                                           :     AND  ORDER
    - against -                            :
                                           :
ONE WAY OR ANOTHER PRODUCTIONS,            :
LLC, PRINCETON HOLT, ONE WAY OR            :
ANOTHER PRODUCTIONS, L.L.C.,               :     ┌─────────────────────────────┐
GRAVITAS VENTURES, LLC, and                :     │ USDS SDNY                   │
MONICA TROMBLEY,                           :     │ DOCUMENT                    │
                                           :     │ ELECTRONICALLY F            │
              Defendants.                   :     │ DOC #: _____         │
- - - - - - - - - - - - - - - - - - - - -:     │ DATE FILED: 4/6/17          │
                                                 └─────────────────────────────┘
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

      In this copyright infringement action, the plaintiff, Patrick

Shipstad, seeks sanctions pursuant to Rule 37(b) of the Federal

Rules of Civil Procedure against defendants One Way or Another

Productions, LLC,[1] and Princeton Holt (together, the "defendants")

for failure to comply with a discovery order.[2]  The motion is

granted.

---

[1] According to the operative complaint, One Way or Another,
LLC is a New York corporation, while One Way or Another, L.L.C. is
a New Jersey corporation.  (Second Amended Complaint ("SAC"), ¶¶
2-3).  This motion concerns only the former.  (Memorandum of Law
in Support of Plaintiff's Motion for Sanctions Pursuant to F.R.C.P.
37(b)(2)(A) and F.R.C.P. 37(b)(2)(C) ("Pl. Memo.") at 1).

[2] The plaintiff's opening memorandum indicates that he also
seeks sanctions under the Court's inherent power; however, the
issue is scantly developed (Pl. Memo. at 4-5), and appears to have
since been abandoned because the reply memorandum focuses
exclusively on sanctions under Rule 37(b) of the Federal Rules of

1

Background

The Complaint alleges copyright infringement on the basis of the defendants' use of a photograph of the actor Taylor Negron, taken and copyrighted by Mr. Shipstad in connection with the promotion of a movie titled <u>Alienated</u>. (SAC, ¶¶ 24, 29, 37, 121-164). These are the facts relevant to this motion.[3]

The plaintiff propounded his first set of requests for production of documents ("RFPs") on December 5, 2016. (Declaration of Tamara L. Fitzgerald dated March 29, 2017 ("1st Fitzgerald Decl."), ¶ 5 & Exh. I). Responses were therefore due on January 4, 2017. <u>See</u> Fed. R. Civ. P. 34(b)(2)(A). The second set of RFPs were propounded on December 9, 2016 (1st Fitzgerald Decl., ¶ 6 & Exh. I); responses were due on January 9, 2017. The

---

Civil Procedure (Reply Memorandum of Law in Support of Plaintiff's Motion for Sanctions Pursuant to F.R.C.P. 37(b)(2)(A) and F.R.C.P. 37(b)(2)(C) ("Reply") at 5).

[3] Each of the submissions on this motion includes extraneous material. For example, the plaintiff's opening memorandum begins with a litany of the defendants' failures that are largely unrelated to the order at issue, and continues with a suggestion of spoliation of evidence (Pl. Memo. at 2-3, 8-9); his Reply complains of the defendants' public disclosure of confidential information. (Reply at 2). These facts could be (or could have been) the basis for other motions, but they are not relevant here. For their part, the defendants seem to misunderstand the posture of this dispute and include in their opposition, for example, immaterial information about the plaintiff's damages and his income. I do not address any of these unnecessary facts in any substantive way in this opinion.

third set of RFPs were propounded on December 19, 2016 (1st Fitzgerald Decl., ¶ 7 & Exh. I); responses were due on January 18, 2107. The first set of interrogatories (which includes only a single interrogatory) was propounded on December 30, 2016 (1st Fitzgerald Decl., ¶ 8 & Exh. I); responses were due on January 30, 2017, <u>see</u> Fed. R. Civ. P. 33(b)(2). At the time these requests were served, the defendants were represented by Monroe Mann, who was relieved as counsel on January 9, 2017, and replaced by Joshua S. Stevens. (Order dated Jan. 9, 2017).

On January 31, 2017, after communicating with Mr. Stevens regarding the outstanding discovery, the plaintiff filed a motion to compel responses to the three sets of RFPs and the single interrogatory, noting that the defendants had so far produced only ten documents as part of their responses to the RFPs, and had provided no written responses to either the RFPs or Interrogatories. (Declaration of Tamara L. Fitzgerald dated Jan. 31, 2017, ¶¶ 9-15). On March 3, 2017, I granted the motion as unopposed, ordering the defendants to "provide complete responses to Plaintiff's First, Second, and Third Requests for Production and Plaintiff's First Interrogatories, including production of all responsive documents" by March 24, 2017. (Order dated March 3, 2017 ("March 3 Order")).

On March 29, 2017, Mr. Shipstad filed this motion for

3

sanctions, which asserts that, as of that date, the defendants had produced "no responses, documents or information" in connection with his discovery requests. (Pl. Memo. at 1). On April 14, 2017, Wesley M. Mullen filed a Stipulation and [Proposed] Order for Substitution of Counsel and a Notice of Appearance on behalf of the defendants.[4] (Stipulation and [Proposed] Order for Substitution of New Counsel dated April 14, 2017; Notice of Appearance dated April 14, 2017). The defendants, through Mr. Mullen, opposed the sanctions motion, contending that, on April 27, 2017, the defendants "served responses and objections to [Mr. Shipstad's] written discovery, including a statement, pursuant to Rule 34(b)(2)(B), explaining [their] intent to produce documents on a rolling basis as soon as possible." (Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Discovery Sanctions ("Def. Memo.") at 6; Letter of Wesley M. Mullen dated April 27, 2017, attached as Exh. E to Declaration of Wesley M. Mullen dated April 28, 2017; Defendants' Omnibus Reponses and Objections to Plaintiff's First, Second and Third Requests for Production, attached as Exh. B to Declaration of Tamara L. Fitzgerald dated May 5, 2017 ("2nd Fitzgerald Decl."); Defendants' Objections to Plaintiff's First Set of Interrogatories, attached as Exh. C to

---

[4] The Stipulation and [Proposed] Order for Substitution of Counsel has not been "so ordered."

4

2nd Fitzgerald Decl.).  As of May 5, 2017, the defendants had not produced additional responsive documents.  (Reply at 2).

Discussion

A.  Legal Standard

"Where 'a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders.'"  Granados v. Traffic Bar and Restaurant, Inc., No. 13 Civ. 500, 2015 WL 9582430, at *3 (S.D.N.Y. Dec. 30, 2015) (alterations in original) (quoting Fed. R. Civ. P. 37(b)(2)(A)).  Such orders may include striking pleadings in whole or in part, staying further proceedings until the order is obeyed, dismissing the action in whole or in part, or ordering a default judgment.  Fed. R. Civ. P. 37(b)(2)(A); see also Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009) (noting that party's failure to comply with court-ordered discovery may result in terminating sanctions); Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991) ("When a party seeks to frustrate [discovery] by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate.").  "Instead of or in addition to" one or more of the orders listed above, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees,

caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Sanctions under Rule 37 of the Federal Rules of Civil Procedure serve a three-fold purpose: (1) to ensure that a party will not benefit from its failure to comply; (2) to obtain compliance with the court's orders; and (3) to deter noncompliance, both in the particular case and in litigation in general. Update Art, Inc. v. Modiin Publishing, Ltd., 843 F.2d 67, 71 (2d Cir. 1988). Harsh sanctions such as default judgments are reserved for extreme situations. See Agiwal, 555 F.3d at 302; see also Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007) ("[T]he severity of sanction must be commensurate with the non-compliance.").

When determining the appropriate sanction under Rule 37, courts in this Circuit weigh several factors, including "(1) the willfulness of acts underlying noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of noncompliance; and (4) whether the noncompliant party was on notice that it faced possible sanctions." Sentry Insurance A Mutual Co. v. Brand Management, Inc., 295 F.R.D. 1, 5 (E.D.N.Y. 2013) (citing Agiwal, 555 F.3d at 302-03). None of these factors alone is dispositive. Southern New England Telephone Co. v. Global NAPs Inc., 624 F.3d 123, 144

(2d Cir. 2010) ("[T]hese factors are not exclusive, and they need not each be resolved against the [sanctioned] party.").

B. <u>Analysis</u>

1. <u>Willfulness</u>

When evaluating willfulness, the court considers whether the order at issue was clear, whether the party to be sanctioned understood the order, and whether noncompliance was due to "factors beyond the party's control." <u>See</u> <u>Davis v. Artuz</u>, No. 96 Civ. 7699, 2001 WL 50887, at *3 (S.D.N.Y. Jan. 19, 2001) (citing <u>Baba v. Japan Travel Bureau International, Inc.</u>, 165 F.R.D. 398, 402-03 (S.D.N.Y. 1996), <u>aff'd</u>, 111 F.3d 2 (2d Cir. 1997)). The March 3 Order could not have been clearer. But the defendants assert that they were unaware of it because of the "lack of communication between [them] and their counsel during the month of March." (Def. Memo. at 10; Declaration of Princeton Holt dated April 25, 2017 ("Holt Decl."), ¶ 9).

"Normally, the conduct of an attorney is imputed to his client, for allowing a party to evade 'the consequences of the acts or omissions of []his freely selected agent' 'would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent.'" <u>S.E.C. v. McNulty</u>, 137 F.3d 732, 739 (2d Cir. 1998) (alterations in original) (quoting <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626,

7

633-34 (1962)). Accordingly, "where the attorney's conduct has been found to be willful, the willfulness will be imputed to the party himself where he makes no showing that he has made any attempt to monitor counsel's handling of the lawsuit." Id. at 740. Here, the defendants' attempts to oversee counsel's compliance with discovery obligations came too late. Mr. Holt asserts that he "convened meetings with [his] counsel to discuss the [alleged discovery] deficiencies" and thereafter retained a new attorney (Holt Decl., ¶¶ 10-12), but all this came only after the time to comply with the March 3 Order had passed and the plaintiff had filed the current motion seeking sanctions. The violation was therefore willful.

### 2. Duration of Noncompliance

The March 3 Order required production by March 24, 2017. On April 27, 2017 -- just over thirty days later -- the defendants began to respond to the plaintiff's discovery requests. By May 5, 2017, however, no additional documents had been produced. Neither the plaintiff nor the defendants have updated me on the progress of the defendants' production since then. Although the delay outlined in the plaintiff's submissions is objectionable, it is not of a duration that requires a severe sanction.

### 3. Notice of Possible Sanctions

The March 3 Order did not indicate that failure to comply

8

might result in termination or other harsh sanctions, such as a preclusion order. The defendants were, however, aware of the possibility of monetary sanctions, as Rule 37(b)(2)(C) requires payment of expenses where a party has failed to comply with a discovery order without substantial justification or a showing that the award would be unjust.

### 4. Efficacy of Lesser Sanctions

I am not convinced that severe penalties are appropriate here. The defendants have retained new counsel who has at least begun to respond to the discovery requests. This undermines the rationale for an adverse inference instruction at this time. And, although the plaintiff asserts he has been hampered in formulating litigation strategy because of the lack of discovery responses (Pl. Memo. at 7-8), the discovery schedule will be extended (Order dated May 1, 2017 ("May 1 Order")), so that neither summary judgment motions nor trial are imminent.[5] Any prejudice to Mr. Shipstad will therefore be allayed. And the defendants' failures, although (as noted above) unsuitable, are not so severe as to warrant default or preclusion. Instead, requiring the defendants

---

[5] The plaintiff's suggestion that the schedule cannot be extended because in a previous order I indicated that no further extensions would be granted (Reply at 8) is obviously subverted by my instruction in the May 1 Order that the parties agree on just such an extension.

to pay the plaintiff's expenses is sufficient to enforce Rule 37's three-fold purpose.

### 5. The Defendants' Other Arguments

The defendants contend that this motion should be denied because the plaintiff failed to meet and confer. Specifically, they complain that this motion, which they characterize as "[a] motion for . . . failure to answer or respond to interrogatories," did not "include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." (Def. Memo. at 7 (quoting Fed. R. Civ. P. 37(d)(1)(B)). However, this is a motion under Rule 37(b)(2)(A) for failure to obey a discovery order. The motion complaining of the failure to answer interrogatories has already been granted. (March 3 Order). Moreover, plaintiff's counsel attests that she communicated with Mr. Stevens about the possibility of a sanctions motion prior to filing it and that she conferred with Mr. Mullen about the motion on April 13, 2017, two days before he filed his notice of appearance. (2nd Fitzgerald Decl., ¶¶ 16, 18). Thus, there was an effort to resolve the dispute to obviate the need for the Court to address this motion.

The defendants also argue that before this motion is granted, the Court must analyze whether the discovery requested was

proportional to the needs of the case. (Def. Memo. at 2-4).
Again, the defendants misunderstand the posture here. Rule 26
does require that discovery be "proportional to the needs of the
case." Fed. R. Civ. P. 26(b)(1). But the plaintiff's motion to
compel has already been granted. Thus, the time for the defendants
to make a proportionality argument has passed.

### 6.   Sanctions and Other Orders

Mr. Shipstad contends that "[m]onetary and other sanctions
are utterly appropriate here." (Reply at 8). As discussed above,
I find that harsh sanctions are not warranted. However, as the
defendants have not shown that their position was substantially
justified or that an award of expenses would be unjust, the
defendants shall pay the "reasonable expenses, including
attorneys' fees, caused by the failure" to comply with the March
3 Order. Within fourteen days of the date of this Order, the
plaintiff shall file a statement of such expenses, including
contemporaneous attorney time records. The defendants may object
to the amount of fees requested within seven days of the date the
plaintiff's application is filed. Any reply shall be filed within
four days of the date the defendants' objections are filed.

In addition, within fourteen days of the date of this Order,
the defendants shall comply fully with the March 3 Order. I note
that this requires them to produce all documents responsive to the

11

first three sets of RFPs and to respond fully to the first set of interrogatories, as all objections have been waived.[6]  See, e.g., Cohalan v. Genie Industries, Inc., 276 F.R.D. 161, 163-64 (S.D.N.Y. 2011) (noting that courts deem objections waived where, as here, "there is no showing of good cause for the late response" or "where a party has not responded to discovery requests despite court intervention").  Failure to comply may result in additional sanctions, including default judgments against these defendants.

Finally, the defendants lay much of the blame for their repeated failures at the feet of Mr. Stevens (who has not, I note, been relieved as counsel).  Although that does not excuse the defendants' conduct, see, e.g., McNulty, 137 F.3d at 739, Rule 37(b)(2)(C) expressly contemplates that "the disobedient part[ies'] attorney" may be required to pay the moving party's expenses.  Therefore, within fourteen days of the date of this Order, Mr. Stevens is ordered to show cause why he should not be required to pay fifty percent of the plaintiff's reasonable expenses.  Failure to comply will result in additional sanctions.  Any interested party may respond to Mr. Stevens' submission within seven days of its filing.

---

[6] This is not a sanction, as it follows directly from the defendants' failures to respond in a timely manner to the discovery requests and the March 3 Order.

Conclusion

For these reasons, the plaintiff's motion for sanctions (Docket no. 59) is granted. The parties (including counsel) shall comply with the provisions outlined above for the plaintiff's application for attorneys' fees, the defendants' production of outstanding discovery, and Mr. Stevens' submission in response to the order to show cause.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       June 6, 2017

Copies transmitted this date:

Edward C. Greenberg, Esq.
Tamara L. Fitzgerald, Esq.
Edward C. Greenberg P.C.
570 Lexington Ave., 19th Floor
New York, NY 10022
(via ECF)

Joshua S. Stevens, Esq.
Law Offices of Joshua S. Stevens
515 Madison Avenue 22nd Floor
New York, NY 10022
(via ECF and U.S. Mail)

Wesley M. Mullen, Esq.
Mullen P.C.
200 Park Ave., Suite 1700
New York, NY 10166
(via ECF)